Official Form 1 (10/06)

| United States Bankruptcy Court<br>Northern **DISTRICT OF** _____ Illinois _____ | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**OGILVIE, ROBERT H.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**OGILVIE, LINDA L.** |
|---|---|
| All other names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>**None** | All other names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names):<br>**None** |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. **(if more than one, state all):**<br>-5736 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. **(if more than one, state all):**<br>-6969 |
| Street Address of Debtor (No. and Street, City, and State):<br>**1898 Buckeridge Court<br>Gurnee, IL**  ZIP CODE: **60031** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**1898 Buckeridge Court<br>Gurnee, IL**  ZIP CODE: **60031** |
| County of Residence or of the Principal Place of Business:<br>**Lake** | County of Residence or of the Principal Place of Business:<br>**Lake** |
| Mailing Address of Debtor (if different from street address):<br>**Same**  ZIP CODE: | Mailing Address of Joint Debtor (if different from street address):<br>**Same**  ZIP CODE: |

| Location of Principal Assets of Business Debtor (if different from street address above):  **Same**  ZIP CODE: |
|---|

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ■ Individual (includes Joint Debtor)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other
  **CPA**

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.
- ☐ Filing Fee waiver requested (applicable to Chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2 million.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☐ $10,001 to $100,000 | ■ $100,00 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Debts

| ☐ $0 to $10,000 | ☐ $10,001 to $100,000 | ■ $100,00 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Official Form 1 (10/06)                                                                                           Form B1, Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Robert H. Ogilvie and Linda L. Ogilvie** |
|---|---|

**All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X_____ Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue** (Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property** (Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

| | |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Robert H. Ogilvie and Linda L. Ogilvie** |

## Signatures

<table>
<tr>
<td>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition]. I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

</td>
<td>

**Signature of Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

</td>
</tr>
<tr>
<td>

**Signature of Attorney**

/s/ WILLIAM J. FLOTOW
Signature of Attorney for Debtor(s)

William J. Flotow
Printed Name of Attorney for Debtor(s)

William J. Flotow
Firm Name

800 E. Northwest Highway, Palatine, IL 60074
Address

(847) 705-8500
Telephone Number

_____
Date

</td>
<td>

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

</td>
</tr>
<tr>
<td>

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

</td>
<td>

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
</table>

Official Form 6 - Summary (10/06)

# United States Bankruptcy Court

### Northern District of Illinois

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____      Case No. _____
                              Debtor

                                                                    Chapter _____13_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under Chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A -   Real Property | Yes | 1 | $    170,000 | | |
| B -   Personal Property | Yes | 3 | $     60,721 | | |
| C -   Property Claimed as Exempt | Yes | 1 | | | |
| D -   Creditors Holding Secured Claims | Yes | 2 | | $    132,715 | |
| E -   Creditors Holding Unsecured Priority Claims | Yes | 2 | | $          0 | |
| F -   Creditors Holding Unsecured Nonpriority Clams | Yes | 3 | | $    192,298 | |
| G -   Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H -   Codebtors | Yes | 1 | | | |
| I -   Current Income of Individual Debtor(s) | Yes | 1 | | | $   12,930 |
| J -   Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $   12,428 |
| **Total** | | 17 | $    230,721 | $    325,013 | |

Official Form 6 - Statistical Summary (10/06)

# United States Bankruptcy Court

### Northern District of Illinois

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____      Case No. _____
                            Debtor

Chapter _____ 13 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ | 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ | 0 |
| Student Loan Obligations (from Schedule F) | $ | 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0 |
| **TOTAL** | $ | 0 |

**State the following:**

| | Amount | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 12,930 |
| Average Expenses (from Schedule J, Line 18) | $ | 12,428 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ | 17,294 |

**State the following:**

| | | | | |
|---|---|---|---|---|
| 1. | Total from Schedule D, "UNSECURED PORTION, IF ANY' column | | $ | 0 |
| 2. | Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $      0 | | |
| 3. | Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0 |
| 4. | Total from Schedule F | | $ | 192,298 |
| 5. | Total of non-priority unsecured debt (sum of 1, 3 and 4) | | $ | 192,298 |

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____        Case No. _____

_____Debtor_____                                      (if known)

# SCHEDULE A—REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G — Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C — Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H, W, J, or C | CURRENT VALUE OF DEBTOR'S INTEREST, IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Townhouse**<br><br>1898 Buckeridge Court<br>Gurnee, IL   60031 | fee simple ownership | | $           170,000 | $           124,557 |
| | | Total ➤ | $           170,000 | |

(Report also on Summary of Schedules)

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____    Case No. _____
Debtor                                        (if known)

# SCHEDULE B — PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C — Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G — Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H, W, J, or C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | All property is in the debtor(s) possession unless otherwise noted | | $               25 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Baxter Credit Union | | $              100 |
| | | Consumers Credit Union | | $                5 |
| | | Fifth Third Bank | | $              100 |
| | | First National Bank Employee Owned | | $              317 |
| | | Harris Bank | | $            5,000 |
| | | Norstates Bank | | $              196 |
| | | Washington Mutual | | $              100 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | Usual amounts of used furniture | | $              750 |
| 5.   Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | | Usual amounts of used clothing | | $                0 |
| 7.   Furs and jewelry. | | Some costume jewelry and wrist watches | | $               50 |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each insurer. | X | | | |

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____     Case No. _____
Debtor                                        (if known)

# SCHEDULE B — PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H, W, J, or C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | | Cardinal Heath Retirement 401(k) Plan | W | $          37,613 |
| 13.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts receivable. | | Robert H. Ogilvie business accounts receivable | | $          4,540 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____   Case No. _____
                              Debtor                                              (if known)

## SCHEDULE B — PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H, W, J, or C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Ford Windstar Minivan motor vehicle | | $          5,850 |
| | | 2002 Ford Focus SE motor vehicle | | $          5,325 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | | 4  computers, 4 printers, 7 filing cabinets, 2 additional lateral filing cabinets, 4 desks and miscellaneous items | | $          750 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | | Two dogs | | $          0 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | | |

                    ____No____ continuation sheets attached          Total ➤   $          60,721

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____    Case No. _____
                  Debtor                                                                 (if known)

# SCHEDULE C—PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption
(Check one box)                                               that exceeds $125,000.

■ 11 U.S.C. § 522(b)(2)

☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| cash on hand | 735 ILCS 5/12-1001 (b) | $25 | $25 |
| business checking accounts as listed in #2 above | 735 ILCS 5/12-1001 (b) and (d) | $4,000 $1,500 | $5,818 |
| household goods | 735 ILCS 5/12-1001 (b) | $750 | $750 |
| wearing apparel | 735 ILCS 5/12-1001 (b) | $0 | $0 |
| jewelry | 735 ILCS 5/12-1001 (b) | $50 | $50 |
| 401(k) Plan | 735 ILCS 5/12-1006 | $37,613 | $37,613 |
| business account receivables | 735 ILCS 5/12-1001 (b) | $4,540 | $4,540 |
| 2002 Ford Windstar motor vehicle | 735 ILCS 5/12-1001 (c) | $2,400 | $2,400 |
| 2002 Ford Focus motor vehicle | 735 ILCS 5/12-1001 (c) | $2,400 | $2,400 |
| office equipment | 735 ILCS 5/12-1001 (d) | $750 | $750 |
| homestead exemption 1898 Buckeridge Court, Gurnee, Illinois 60031 | 735 ILCS 5/12-901 | $15,000 | $15,000 |

Official Form 6D (10/06)

In re ____Robert H. Ogilvie and Linda L. Ogilvie____    Case No. _____
_____Debtor_____                                  (if known)

# SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory lines, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is a creditor, indicate that by stating "a minor child" and do not disclosure the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | C O D E B T O R | H, W, J, or C | DATE CLAIM WAS INCURRED NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    5101215639<br><br>Wells Fargo<br>P. O. Box 10335<br>Des Moines, IA 50306 | | W | First mortgage on townhouse 1898 Buckeridge Court, Gurnee, Illinois 60031<br><br>VALUE $170,000 | | | | $    85,985 | $    0 |
| ACCOUNT NO.    36020020<br><br>Consumers Credit Union<br>2750 Washington Street<br>Waukegan, IL 60085 | | W | Second mortgage on townhouse 1898 Buckeridge Court, Gurnee, Illinois 60031<br><br>VALUE $170,000 | | | | $    38,572 | $    0 |
| ACCOUNT NO.    032250187<br><br>Ford Credit Nat. Bky. Service Ctr.<br>P. O. Box 537901<br>Livonia, MI 41853-7901 | | H | 202 Ford Focus SE motor vehicle<br><br>VALUE $5,325 | | | | $    3,709 | $    0 |

___1___ continuation sheets attached

Subtotal ➤    $    128,266    $    0
(Total of this page)

Total ➤    $    $    0
(Use only on last page)

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6D (10/06) - Cont.

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____   Case No. _____
                                 Debtor                                                              (if known)

## SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | H, W, J, or C | DATE CLAIM WAS INCURRED NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.          032250249<br><br>Ford Credit-Nat. Bky Service Ctr.<br>P. O. Box 537901<br>Livonia, MI 48153-7901 | | W | 2002 Ford Windstar SE minivan<br><br>VALUE $5,850 | | | | $      4,449 | $          0 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | $          0 | $          0 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | $          0 | $          0 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | $          0 | $          0 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | $          0 | $          0 |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | $          0 | $          0 |

_____0_____ continuation sheets attached

Subtotal(s) ➤   $      4,449   $          0
(Total(s) of this page)

Total(s) ➤   $    132,715   $          0
(Use only on last page)

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6E (10/06)

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____         Case No. _____
                            **Debtor**                                                              **(if known)**

# SCHEDULE E — CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and the last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H — Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

Official Form 6E (10/06) - Cont.

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____   Case No. _____
                                            Debtor                                                                  (if known)

# SCHEDULE E — CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continued)

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____No_____ continuation sheets

Official Form 6F (10/06) - Cont.

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____          Case No. _____
                      Debtor                                                                (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | C O D E B T O R | H, W, J, or C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.          -0011 <br> Advanta Bank Corp. <br> P. O. Box 30715 <br> Salt Lake City, UT 84130-0715 | | H | various purchases | | | | $     10,296 |
| ACCOUNT NO.          -1166 <br> Bank of America <br> P. O. Box 15480 <br> Wilmington, DE 19850 | | H | various purchases | | | | $     8,932 |
| ACCOUNT NO.          -1943 <br> CitiCards <br> P. O. Box 6077 <br> Sioux Falls, SD 57117-6077 | | H | various purchases | | | | $     12,965 |

_____2_____ continuation sheets attached

Subtotal ▶    $     **32,193**

Total ▶    $     **0**

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re    Robert H. Ogilvie and Linda L. Ogilvie          Case No. _____
Debtor                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | C O D E B T O R | H, W, J, or C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.          -6346 <br> CitiCards <br> P. O. Box 6077 <br> Sioux Falls, SD 57117-6077 | | H | various purchases | | | | $   11,944 |
| ACCOUNT NO.          -4623 <br> CitiCards <br> Box 6000 <br> The Lakes, NV 89163-6000 | | W | various purchases | | | | $   4,192 |
| ACCOUNT NO.          -7933 <br> Discover Financial Services <br> P. O. Box 3008 <br> New Albany, OH 43054-3008 | | H | various purchases | | | | $   9,157 |
| ACCOUNT NO.          -7104 <br> HSBC Card Services <br> P. O. Box 81622 <br> Salinas, CA 93912-1622 | | H | various purchases | | | | $   3,493 |
| ACCOUNT NO. <br> Hunter, Thomas W. <br> 421 Hough Street <br> Barrington, IL 60010 | | H | legal services | | | | $   59,876 |

Sheet No. _1_ of _2_ sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▸  | $   88,662

Total ▸
(Use only on last page of the completed Schedule F)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)   | $   0

Official Form 6F (10/06) - Cont.

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____     Case No. _____
                              Debtor                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | C O D E B T O R | H, W, J, or C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.          -2199<br>MBNA America Bank (FIA Card Svcs)<br>P. O. Box 15026<br>Wilmington, DE 19850-5026 | | H | various purchases | | | | $        8,169 |
| ACCOUNT NO.          -3370<br>MBNA America Bank (FIA Card Svcs)<br>P. O. Box 15026<br>Wilmington, DE 19850-5026 | | H | various purchases | | | | $        5,156 |
| ACCOUNT NO.          160234<br>My New Home Inc.<br>P. O. Box 610<br>Mountville, PA 17554 | | H | purchase of business leads | | | | $          725 |
| ACCOUNT NO.<br>Ogilvie, Mary Anne<br>35292 North Juniper Street<br>Gurnee, IL 60031 | | H | loan from Debtor's mother | | | | $       52,584 |
| ACCOUNT NO.          2205<br>Target National Bank<br>P. O. Box 1581<br>Minneapolis, MN 55440-1581 | | W | various purchases | | | | $        4,809 |

Sheet No.    2    of    2    sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ▶ | $        71,443

Total ▶
(Use only on last page of the completed Schedule F)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) | $       192,298

In re         Robert H. Ogilvie and Linda L. Ogilvie          Case No. _____
                      Debtor                               (if known)

## SCHEDULE G — EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R .Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENTAL CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____      Case No. _____
                              Debtor                                           (if known)

# SCHEDULE H — CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____      Case No. _____

               Debtor                                                        (if known)

# SCHEDULE I — CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital Status: **married** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S):     **None** | | AGE(S): |
| Employment: | DEBTOR | | SPOUSE |
| Occupation **Certified Public Accountant** | | **Administrative Assistant** | |
| Name of Employer  **Self-Employed** | | **Cardinal Health** | |
| How long employed  **Since November 1990** | | **Since July 1999** | |
| Address of Employer **4606 Old Grand Avenue, Gurnee, IL 60031** | | **1430 Waukegan Road, McGaw Park, IL 60085** | |

| | INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $     0 | $    4,066 |
| 2. | Estimate monthly overtime | $     0 | $    0 |
| 3. | SUBTOTAL | $     0 | $    4,066 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a.     Payroll taxes and social security | $     0 | $    722 |
| | b.     Insurance | $     0 | $    684 |
| | c.     Union dues | $     0 | $    0 |
| | d.     Other (Specify):    Pension | $     0 | $    203 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $     0 | $    1,609 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $     0 | $    2,457 |
| 7. | Regular income from operation of business or profession or farm. | $    9,449 | $    1,000 |
| 8. | Income from real property | $     0 | $    0 |
| 9. | Interest and dividends | $     1 | $    23 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use | $     0 | $    0 |
| 11. | Social security or other government assistance (Specify): _____ | $     0 | $    0 |
| 12. | Pension or retirement income | $     0 | $    0 |
| 13. | Other monthly income | $     0 | $    0 |
| | (Specify): _____ | $     0 | $    0 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $    9,450 | $    1,023 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $    9,450 | $    3,480 |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor total reported on line 15) | $12,930 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.    Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

_____

Official Form 6J (10/06)

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____      Case No. _____
          Debtor                                                      (if known)

# SCHEDULE J — CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐    Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

1.   Rent or home mortgage payment (include lot rented for mobile home) (includes second mortgage). . . . . . . . .  $1,426
     a.      Are real estate taxes included?      Yes ____      No  X
     b.      Is property insurance included?      Yes  X      No ____
2.   Utilities:      a.      Electricity and heating fuel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $274
                b.      Water and sewer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $51
                c.      Telephone. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $225
                d.      Other ___ monthly association dues - townhouse ___ . . . . . . . . . . . . $195
                e.      Cable TV and Internet. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $170
3.   Home maintenance (repairs and upkeep). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $50
4.   Food. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $390
5.   Clothing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $200
6.   Laundry and dry cleaning. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $120
7.   Medical and dental expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $767
8.   Transportation (not including car payments). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $380
9.   Recreation, clubs and entertainment, newspapers, magazines, etc. . . . . . . . . . . . . . . . . . . . . . . . . . $10
10.  Charitable contributions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0
11.  Insurance (not deducted from wages or included in home mortgage payments)
                a.      Homeowner's or renter's. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $60
                b.      Life. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $74
                c.      Health. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0
                d.      Auto. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $168
                e.      Other _____ . . . . . . . . . . . . . . . . . . . . . $0
12.  Taxes (not deducted from wages or included in home mortgage payments)
     (Specify) ___ Estimated income taxes — self-employed ___ . . . . . . . . . . . . . . . $1,100
13.  Installment payments: (In Chapter 11, 12, and 13 cases, do not list payments to be included in the Plan)
                a.      Auto. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $896
                b.      Other _____ . . . . . . . . . . . . . . . . $0
                c.      Other _____ . . . . . . . . . . . . . . . . $0
14.  Alimony, maintenance, and support paid to others. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0
15.  Payments for support of additional dependents not living at your home. . . . . . . . . . . . . . . . . . . . . . . . $0
16.  Regular expenses from operation of business, profession, or farm (attach detailed statement). . . . . . . . . . . . $5,672
17.  Other: ___ miscellaneous gifts, grooming, cosmetics, pet food, etc. ___ . . . . . . . . . . $200

18.  AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules
     and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.). . . . . . . . . .      **$12,428**

19.  Describe any increase or decrease in expenditures reasonably anticipated to occur within the year
     following the filing of this document: _____

     _____

20.  STATEMENT OF MONTHLY NET INCOME
     a.      Average monthly income from Line 15 of Schedule I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $12,930
     b.      Average monthly expenses from Line 18 above. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $12,428
     c.      Monthly net income (a. minus b.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $502

In re _____Robert H. Ogilvie and Linda L. Ogilvie_____     Case No. _____
Debtor                                               (if known)

## SCHEDULE J — CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
(Continued)

### Regular Expenses from Operation of Business

| | |
|---|---:|
| Income | $9,449 |
| Advertising | 423 |
| Bank Fees | 11 |
| Continuing Education | 67 |
| Credit Card Processing | 61 |
| Dues and Subscriptions | 206 |
| Equipment Rental | 39 |
| Insurance | 81 |
| Internet Provider | 55 |
| Meals | 44 |
| Office Expense | 150 |
| Outside Secretarial | 1,083 |
| Payroll Taxes | 85 |
| Postage | 351 |
| Rent | 825 |
| Repairs | 226 |
| Security | 22 |
| Storage | 98 |
| Supplies | 105 |
| Tax Software | 271 |
| Telephone | 191 |
| Travel | 118 |
| Utilities | 250 |
| Vehicle | 230 |
| Wages | 639 |
| Water | + 43 |
| TOTAL | $5,672 |

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____     Case No. _____

Debtor                                                                      (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ *(total shown on summary page plus 2)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___6/29___, 2007          Signature: ___Robert A. Ogilvie___

                                                       Debtor

Date ___6-29-___, 2007          Signature: ___Linda Ogilvie___

                                               (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any of Bankruptcy Petition Preparer          Social Security Number (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

Address

X_____          _____
  Signature of Bankruptcy Petition Preparer                                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____, 2007          Signature: _____

                                                [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

Official Form 7
(10/05)

# United States Bankruptcy Court

### NORTHERN DISTRICT OF ILLINOIS

In re:     Robert H. Ogilvie and Linda L. Ogilvie                                    Case No. _____
                (Name)                         Debtor                                        (If known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  Do not include the name or address of a minor child in this statement.  Indicate payments, transfers and the like to minor children by stating "a minor child."  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

---

1.  **Income from employment or operation of business**

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or Chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE (if more than one) |
|---|---|---|
| 2007 | $57,495 | Employment only |
| 2006 | $75,000 | Employment only |
| 2005 | $75,641 | Employment only |

**2.     Income other than from employment or operation of business**

None

☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or Chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2007 | $260 | Internet income |
| 2006 | $260 | Internet income |

**3.     Payments to creditors**

None

■

*Complete a. or b., as appropriate, and c.*

a.     *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None

■

b.     *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under Chapter 12 or Chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF PAYMENT/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None

■

c.     *All debtors:* List all payments made within **one year** immediately preceding the commencement of the case to or for the benefit of creditors who are or were insiders. (Married debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

**4.**     **Suits and administrative proceedings, executions, garnishments and attachments**

None

■

a.     List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| CitiBank vs. Robert H. Ogilvie 06 AR 645 | collection lawsuit | Circuit Court of Lake County, Waukegan, IL | judgment for Plaintiff |
| HSBC, Nevada vs. Robert H. Ogilvie, 07 SC 1744 | collection lawsuit | Circuit Court of Lake County, Waukegan, IL | pending |

None

■

b.     Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.**     **Repossessions, foreclosures and returns**

None

■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.**     **Assignments and receiverships**

None

■

a.     Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

b.   List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.    Gifts**

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under Chapter 12 or Chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.    Losses**

None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under Chapter 12 or Chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.    Payments related to debt counseling or bankruptcy**

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| William J. Flotow 800 E. Northwest Highway Palatine, IL   60074 | June 18, 2007 | $716 |

**10.    Other transfers**

None

☐

a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None

☐

b.    List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.    Closed financial accounts**

None

☐



List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12.    Safe deposit boxes**

None

☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.   Setoffs**

None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.   Property held for another person**

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.   Prior address of debtor**

None

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME(S) USED | DATES OF OCCUPANCY |
|---|---|---|

**16.   Spouses and Former Spouses**

None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.   Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant, or similar term under an Environmental Law.

None
■

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18.   Nature, location and name of business**

None
☐

a.    *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietorship, or was self-employed in a trade, professional, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| Robert H. Ogilvie | 5736 | 4606 Old Grand Avenue, Gurnee, IL 60031 | Certified Public Accountant | November 1990 |

None

■    b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

     NAME                 ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19.    Books, records and financial statements**

None

☐    a.    List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

     NAME AND ADDRESS                                 DATES SERVICES RENDERED

     Debtor only

None

■    b.    List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

     NAME                           ADDRESS                      DATES SERVICES RENDERED

None

☐    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

     NAME                           ADDRESS

     Debtor only

None

■

    d.      List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within **two years** immediately preceding the commencement of this case by the debtor.

    NAME AND ADDRESS                           DATE ISSUED

_____

**20.    Inventories**

None

■

    a.      List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                                     DOLLAR AMOUNT
                                                                     OF INVENTORY
    DATE OF INVENTORY                  INVENTORY SUPERVISOR          (Specify cost, market or other basis)

_____

None

■

    b.      List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                                                        NAME AND ADDRESSES
                                                                     OF CUSTODIAN
    DATE OF INVENTORY                                          OF INVENTORY RECORDS

_____

**21.    Current Partners, Officers, Directors and Shareholders**

None

☐

    a.      If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

    NAME AND ADDRESS                  NATURE OF INTEREST           PERCENTAGE OF INTEREST

    Debtor only

_____

None

■

    b.      If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                                         NATURE AND PERCENTAGE
    NAME AND ADDRESS                  TITLE                            OF STOCK OWNERSHIP

**22.    Former partners, officers, directors and shareholders**

None

■

a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None

■

b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23.    Withdrawals from a partnership or distributions by a corporation**

None

☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|-----------------------------------------------------|--------------------------------|------------------------------------------------------|

NOT APPLICABLE

**24.    Tax Consolidation Group.**

None

■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|

**25.    Pension Funds.**

None

■

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employee, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

* * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____6/29_____ , 2007        Signature ● _Robert A. Ogden_____
                                      of Debtor

Date _____6-29_____ , 2007         Signature ● _Linda Gilbie_____
                                      of Joint Debtor
                                      (if any)

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____ , 2007    Signature _____

                                       _____
                                       Print Name and Title

*[An individual signing on behalf of a partnership or corporation must indicate a position or relationship to debtor.]*

_____No_____  continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110)

*If the bankruptcy petition is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____        _____
  Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

# United States Bankruptcy Court

## Northern District of Illinois

In re                         )

                                )

Robert H. Ogilvie and Linda L. Ogilvie   )     Bankruptcy Case No.

                                )

                  Debtor.    )

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.      Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to be within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

        For legal services, I have agreed to accept. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

        Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   716

        Balance Due.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

2.      The source of the compensation paid to me was:
        ■ Debtor           ☐ Other (specify)

3.      The source of compensation to be paid to me is:
        ☐ Debtor           ☐ Other (specify)

4.      ■      I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

        ☐      I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.      In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including.

        a.      Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

        b.      Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

        c.      Representation of the debtor at the meeting of creditors and confirmation hearing;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

      d.       Representation of the debtor in adversary proceedings and other contested bankruptcy matters at the rate of $125.00 per hour office time and $150.00 per hour court time.

      e.       [Other provisions as needed] - see Paragraph 6 below.

6.      By agreement with the debtor(s), the above disclosed fee does not include the following services, except at the rate of $125.00 per hour office time and $150.00 per hour court time:  Defense of any lawsuits; attendance at any reaffirmation agreement hearings; attendance at any continued confirmation hearing or rehearings or depositions (Rule 2004 Examinations); motions made by the trustee, a creditor or requested by debtor's attorney's office on debtor's behalf; motions or adversarial proceedings for cramdown on any personal property such as cars or furniture; motions or adversarial proceedings to determine tax liabilities or priorities, dischargeability of student loans, marital obligations or debts; or hardship discharge or similar proceedings; judgments to be removed against you or your property; and court costs other than the filing fee for the bankruptcy petitioner, including the cost of amending prior bankruptcy filings.

**CERTIFICATION**

      I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| _____ , 2007 | _____ /s/ WILLIAM J. FLOTOW _____ |
| *Date* | *Signature of Attorney* |
| | |
| | _____ William J. Flotow _____ |
| | *Name of law firm* |

Official Form 1, Exhibit D (10/06)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re _____ Robert H. Ogilvie and Linda L. Ogilvie _____    Case No. _____
Debtor(s)                                          (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' **collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2.  Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.]* *[Summarize exigent circumstances here.]* _____
_____.

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Robert H. Ophir_

Date: _6/29/07_

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.]* *[Summarize exigent circumstances here.]* _____
_____.

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: _____6-29-07_____

Certificate Number: 03484-ILN-CC-002080029

# CERTIFICATE OF COUNSELING

I CERTIFY that on June 21, 2007 , at 6:58 o'clock PM CST ,

Robert H. Ogilvie received from

Consumer Credit Counseling Service of McHenry County, Inc. ,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Northern District of Illinois , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by telephone .

Date: June 22, 2007      By _____

Name   Polo Fabian

Title   Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

Certificate Number: 03484-ILN-CC-002080031

# CERTIFICATE OF COUNSELING

I CERTIFY that on June 21, 2007 _____, at 6:58 _____ o'clock PM CST _____,

Linda L. Ogilvie _____ received from

Consumer Credit Counseling Service of McHenry County, Inc. _____,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Northern District of Illinois _____, an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared _____. If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by telephone _____.


Date: June 22, 2007 _____     By _____

                                      Name   Polo Fabian _____

                                      Title   Counselor _____


* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).